# United States Court of Appeals for the Federal Circuit

2008-3088


VICTOR W. WELSHANS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Ariel E. Solomon, Tully Rinckey P.L.L.C., of Albany, New York, argued for petitioner. On the brief was Greg T. Rinckey.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2008-3088

VICTOR W. WELSHANS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in PH3443060353-I-1.

_____

DECIDED:   December 15, 2008
_____

Before MAYER, SCHALL, and MOORE, Circuit Judges.

MAYER, Circuit Judge.

Victor W. Welshans appeals the final decision of the Merit Systems Protection Board that dismissed his appeal seeking corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333.  See Welshans v. U.S. Postal Serv., 107 M.S.P.R. 110 (M.S.P.B. 2007).  We affirm.

## I. Background

Welshans has been employed by the United States Postal Service since 1981. From August 1983 until August 2004, he also served as a reservist in the United States Army.

In 2006, Welshans filed an appeal with the board, alleging that the Postal Service had improperly charged him for military leave. He asserted that he should not have been charged leave for days, such as Sundays and holidays, which fell within a period of absence for military training, but which were not his scheduled Postal Service workdays.

In an initial decision, dated December 19, 2006, an administrative judge found that the Postal Service had acted in violation of its Employee and Labor Relations Manual ("ELM") when it charged Welshans for military leave on August 21 and August 23, 1999. On appeal, however, the board reversed. The board determined that the administrative judge had improperly applied the 2002 version of the ELM, rather than the ELM in effect in 1999. Because the board concluded that the ELM in effect in 1999 unambiguously required that the Postal Service charge non-workdays falling within a period of absence for active duty against military leave, it dismissed Welshans' appeal for failure to state a claim upon which relief could be granted.

Welshans then timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. Discussion

Our review of a decision of the board is circumscribed by statute. We must affirm the decision unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); <u>Lizzio v. Dep't of Army</u>, 534 F.3d 1376, 1381-82 (Fed. Cir. 2008); <u>Hernandez v. Dep't of Air Force</u>, 498 F.3d 1328, 1330 (Fed. Cir. 2007). The interpretation of a statute or regulation is a question of law that we review <u>de novo</u>. <u>See</u> <u>Lengerich v. Dep't of Interior</u>, 454 F.3d 1367, 1370 (Fed. Cir. 2006).

Welshans argues that the Postal Service should not have charged him military leave for days on which he was away from his workplace on reserve duty, but which were not his scheduled workdays at the Postal Service. He advances three arguments. First, he contends that charging him leave for non-workdays is contrary to this court's decision in <u>Butterbaugh v. Department of Justice</u>, 336 F.3d 1332 (Fed. Cir. 2003). Second, he asserts that Postal Service regulations, contained in the ELM, prohibit charging an employee military leave for non-workdays. Finally, he argues that charging leave for non-workdays constitutes a facial violation of USERRA, 38 U.S.C. §§ 4301-33.

A. <u>Butterbaugh</u>

Under 5 U.S.C. § 6323(a)(1), certain employees of the federal government are granted "15 days per fiscal year" of military leave.[*] In <u>Butterbaugh</u>, this court concluded

---

[*] In relevant part, 5 U.S.C. § 6323 provides:

> [A]n employee as defined by section 2105 of this title . . . is entitled to leave without loss in pay, time, or performance or efficiency rating for active duty, inactive-duty training . . . funeral honors duty . . . or engaging in field or coast defense training . . . as a Reserve of the armed forces or member of the National Guard. Leave under this subsection accrues for an employee or individual at the rate of 15 days per fiscal year and, to the extent that it is not used in a fiscal year, accumulates for use in the succeeding fiscal year until it totals 15 days at the beginning of a fiscal year.

that the word "days" in section 6323 should be construed to mean workdays rather than calendar days. 336 F.3d at 1336-42. Our decision was premised on the fact that the Office of Personnel Management had determined that the term "days" meant workdays in 5 U.S.C. § 6326, a "closely related" federal leave statute. Id. at 1338-39 (citing 5 C.F.R. § 630.804). Administrative agencies are expected to "construe the same term in closely related statutes consistently," and since the term "days" had been construed to mean workdays in section 6326, we concluded that it should be construed to mean workdays in section 6323 as well. Id. Because we determined that section 6323 grants employees fifteen workdays, rather than fifteen calendar days, of military leave, we held that the Department of Justice was prohibited from charging non-workdays against its employees' military leave. Id. at 1337-42.

Butterbaugh, however, affords Welshans no remedy. The only issue addressed there was "the correct interpretation of 5 U.S.C. § 6323(a)(1)." Butterbaugh, 336 F.3d at 1336. By statute, the Postal Service is specifically excluded from the application of section 6323. See 5 U.S.C. § 2105(e) ("Except as otherwise provided by law, an employee of the United States Postal Service . . . is deemed not an employee for purposes of this title."); Nigg v. Merit Sys. Prot. Bd., 321 F.3d 1381, 1384 (Fed. Cir. 2003) ("The provisions of Title 5 do not apply to the Postal Service unless Congress has specifically so provided."); Bacashihua v. Merit Sys. Prot. Bd., 811 F.2d 1498, 1501 (Fed. Cir. 1987) ("[T]he Postal Service [is] an independent establishment of the executive branch with very limited application of federal employee law."). Because section 6323 is inapplicable to Postal Service employees, nothing in Butterbaugh

prohibits the Postal Service from charging non-workdays against its employees' military leave.

B. The Employee and Labor Relations Manual

Although section 6323 does not apply to the Postal Service, agency employees are entitled to military leave under the provisions of the ELM. Under current regulations, the agency does not charge non-workdays falling within a period of military service against an employee's military leave. See ELM § 517 (effective Sept. 8, 2001). But in 1999, the year in which Welshans' disputed leave was charged, the ELM provided that: "Nonworkdays falling within a period of absence for active duty are charged against the paid military leave allowed for full-time employees during the fiscal year, but nonworkdays falling at the beginning and end of an active duty period are not charged." ELM § 517.53. Thus, during the relevant time period, the ELM unambiguously required that the Postal Service charge non-workdays falling within a period of absence for military duty against military leave.

Notwithstanding the fact that the plain language of the ELM in effect in 1999 required the agency to charge non-workdays against military leave, Welshans contends that the Postal Service intended to provide its employees with rights "analogous" to those provided to other federal employees by section 6323. In support, he argues that "[t]he [Postal Service] originally implemented a policy that mirrored the [f]ederal law [in 5 U.S.C. § 6323] and then routinely amended that policy to reflect changes in the prevailing federal law despite the fact that it was under no statutory obligation to do so." In essence, Welshans argues that the Postal Service intended to "impliedly integrate" all section 6323 rights into the ELM.

Welshans acknowledges, however, that he did not raise this argument—either before the administrative judge or the board. We decline, therefore, to consider it on appeal. See Rockwell v. Dep't of Transp., 789 F.2d 908, 913 (Fed. Cir. 1986) ("Our precedent clearly establishes the impropriety of seeking a reversal of the board's decision on the basis of assertions never presented to the presiding official or to the board."). Although "there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below," Singleton v. Wulff, 428 U.S. 106, 121 (1976), no such circumstances are present here. It would be manifestly unfair for this court to resolve the question of whether the Postal Service intended to "impliedly integrate" section 6323 rights into the ELM without giving the government an opportunity to present evidence on the issue.[**] See Hormel v. Helvering, 312 U.S. 552, 556 (1941) (An appellate court's refusal to consider new arguments on appeal is "essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues . . . [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.").

## C. USERRA

Finally, Welshans contends that charging military leave for non-workdays is, on its face, a violation of USERRA. "USERRA represents Congress's most recent effort to

_____

[**] In Myers v. United States Postal Service, No. CH-3443-07-0628-I-1, 2008 MSPB LEXIS 622 (M.S.P.B. Jan. 31, 2008), an administrative judge of the board rejected the contention that the Postal Service intended to "impliedly integrate" section 6323 rights into the ELM. He noted that the Postal Service had "provided uncontradicted evidence that proves that it did not intend the military leave provisions of the ELM [to] mirror the military leave provisions of [section 6323]." Id. at *6. Myers is currently on appeal to this court.

create a comprehensive statutory scheme to provide civilian reemployment rights for those who serve in the armed forces in order 'to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service.'" Smith v. U.S. Postal Serv., 540 F.3d 1364, 1366 (Fed. Cir. 2008) (quoting 38 U.S.C. § 4301(a)). It prohibits discrimination against persons serving in the military by mandating that a member of "a uniformed service shall not be denied . . . any benefit of employment by an employer on the basis of that membership . . . ." 38 U.S.C. § 4311(a); see Hernandez, 498 F.3d at 1332 n.4.

Under USERRA, the board has jurisdiction over a government employee's claim that he has been denied a "benefit of employment" on the basis of his membership in the uniformed services. See 38 U.S.C. §§ 4311(a), 4324(b). The term "benefit of employment" has been given an "expansive interpretation," see Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1484-85 (Fed. Cir. 1998), and has been construed to include military leave, Pucilowski v. Dep't of Justice, 498 F.3d 1341, 1344 (Fed. Cir. 2007).

Contrary to Welshans' assertions, however, the Postal Service's military leave policy did not deny reservists any benefit of employment. Instead, the ELM in effect in 1999 granted reservists an additional benefit not available to non-military employees. While non-reservists were entitled to sick and annual leave, reservists were granted not only sick and annual leave, but military leave as well. Regardless of whether non-workdays are charged against military leave, such leave is a benefit available only to employees serving in the military. USERRA prohibits discrimination against reservists because of their service: there is nothing in the statute to prevent an agency from

granting them benefits not available to other employees.  See <u>Fahrenbacher v. Dep't of Navy</u>, 85 M.S.P.R. 500, 510 (M.S.P.B. 2000), <u>aff'd sub nom.</u> <u>Sheehan v. Dep't of Navy</u>, 240 F.3d 1009 (Fed. Cir. 2001) ("To establish [USERRA] discrimination, [veterans] must show that they were treated more harshly than non-veterans. The fact that they were not treated better than non-veterans does not show discrimination.").

## III. Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

<u>AFFIRMED</u>