NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARYL BELTER,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2014-3028

---

Petition for review from the Merit Systems Protection Board in No. DA-1221-11-0609-W-1.

---

Decided: May 12, 2014

---

DARYL BELTER, of Sarasota, Florida, pro se.

P. DAVIS OLIVER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before MOORE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Daryl Belter petitions for review of a final decision of the Merit Systems Protection Board (Board), which sustained the Louisiana Transitional Recovery Office's (Agency's) removal of Mr. Belter from the position of Supervisory Logistics Management Specialist. *See Belter v. Dep't of Homeland Sec.*, DA-1221-11-0609-W-1 (M.S.P.B. Sept. 20, 2013) (*Final Decision*). For the reasons discussed below, we *affirm*.

## BACKGROUND

The Agency removed Mr. Belter because of his unauthorized use of his government-issued travel credit card. Mr. Belter alleged that he made disclosures protected under the Whistleblower Protection Act (WPA) and filed a whistleblower retaliation complaint with the Office of Special Counsel (OSC) to challenge his removal. After the OSC closed its inquiry into his allegations, Mr. Belter filed an individual right of action appeal to the Board. Mr. Belter alleged that the Agency terminated him in retaliation for disclosures he made to the Acting Director of the Agency and to the Office of Inspector General (OIG), concerning the Agency's lease of an office building that he believed wasted a significant amount of Agency money. The administrative judge (AJ) found that Mr. Belter failed to prove his claim under the WPA. Mr. Belter filed a petition for review with the full Board and challenged the AJ's conclusion on his WPA claim. Mr. Belter further asserted that the Agency did not provide him with the documents he sought through a Freedom of Information Act (FOIA) request.

The Board affirmed the AJ's Initial Decision, determining that Mr. Belter did not establish any basis under 5 C.F.R. § 1201.115 to grant his petition for review. The Board found that Mr. Belter's disclosure was not a protected disclosure because it did not rise to more than a debatable difference of opinion concerning the cost of the

lease. Further, the Board noted that the investigation that led to the discovery of Mr. Belter's credit card misuse preceded his disclosure to the OIG. The Board found that Mr. Belter did not challenge the AJ's findings that the individual who terminated Mr. Belter testified credibly that he had no information about Mr. Belter's disclosures, and that he fired Mr. Belter only for his credit card abuse. The Board concluded that Mr. Belter failed to establish a whistleblower claim.

Concerning Mr. Belter's FOIA request, the Board found that there was no evidence in the record that he sought the desired documents through the discovery process or filed a motion to compel the Agency to produce these documents "despite being informed by the administrative judge of the procedure for doing so." *Final Decision* at 12–13. Thus, the Board concluded that Mr. Belter's FOIA-related claims did not provide a basis to disturb the AJ's initial decision.

Mr. Belter appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). The petitioner has the burden of establishing error in the Board's decision. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998). We review the Board's legal determinations *de novo*. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008).

On appeal, Mr. Belter does not challenge the Board's decision on the merits. Instead, Mr. Belter argues that the Final Decision should be vacated or reversed and his

case remanded for the Board to review the new information he obtained in response to his FOIA request, which he received one day before the Board's Final Decision. Mr. Belter asserts he "did not have adequate time to properly review the new information, which was extremely pertinent" to his case. Petitioner's Br. at 2. Mr. Belter argues he is entitled to additional review by the Board under 5 C.F.R. § 1201.115 because the new information "creat[es] new and material evidence as well as a new legal argument" that was not available when the record closed. *Id.*

The government responds that we should affirm the Board's decision because Mr. Belter has not shown that the Board committed reversible error. It argues that Mr. Belter cannot seek a vacatur or reversal of the Board's decision based on information that was not presented to the Board. It contends that § 1201.115 is inapplicable because this regulation governs only new evidence submitted to the Board in connection with a petition for review, not new evidence submitted to us on appeal.

We agree with the government. To the extent Mr. Belter asks us to review the information that he received in response to his FOIA request in the first instance, we do not have that power. "Congress specifically limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the *record*." *Rockwell v. Dep't of Transp., F.A.A.*, 789 F.2d 908, 913 (Fed. Cir. 1986) (emphasis in original). We also conclude that the Board did not violate 5 C.F.R. § 1201.115 because that regulation only applies to "issues raised in a timely petition . . . for review" of the AJ's initial decision. 5 C.F.R. § 1201.115 (2012). Mr. Belter did not present to the Board the information that he obtained via the FOIA request because Mr. Belter received it long after he filed his petition for review. We cannot reverse or vacate the Board's decision based on the information that was never presented to the Board.

We cannot find a reversible error in the Board's decision based upon the fact that Mr. Belter did not receive a response to his FOIA request in time to present the evidence to the Board. The Board has its own discovery procedures. Rather than follow the Board's specific procedures for pursuing the information relevant to his case, of which he was advised by the AJ, Mr. Belter attempted to obtain it via a collateral FOIA request. Mr. Belter did not request that the Board stay its proceedings pending his FOIA request. We are aware of no obligation on the Board to do so.

### CONCLUSION

We have considered Mr. Belter's remaining arguments and find them to be without merit. Because Mr. Belter has not established a reversible error, we *affirm*.

**AFFIRMED**

### COSTS

No costs.