NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAMDY ALEX ABOU-HUSSEIN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2015-3057

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-13-6851-I-1.

---

Decided: February 11, 2016

---

HAMDY ALEX ABOU-HUSSEIN, North Charleston, SC, pro se.

RUSSELL JAMES UPTON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before PROST, *Chief Judge*, DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Hamdy Alex Abou-Hussein appeals a final decision of the Merit Systems Protection Board ("MSPB"), which affirmed the Department of the Navy's ("Navy") decision to remove him from his post. *See Hamdy A. Abou-Hussein v. Dep't of the Navy*, No. AT-0752-13-6851-I-1 (Nov. 5, 2014) (Final Order) (Resp't's App. 1–10); *Hamdy A. Abou-Hussein v. Dep't of the Navy*, No. AT-0752-13-6851-I-1 (Mar. 18, 2014) (Initial Decision) (Resp't's App. 13–19). For the reasons set forth below, we affirm.

## BACKGROUND

Mr. Abou-Hussein served as a Mechanical Engineer at the Space and Naval Warfare Systems Center in Charleston, South Carolina. In 2013 the Navy removed him from his post, citing "misconduct." Resp't's App. 107, 111. Mr. Abou-Hussein challenged the removal before the MSPB.

In an Initial Decision, an MSPB administrative judge ("AJ") found the Navy had established, by a preponderance of the evidence, that Mr. Abou-Hussein had engaged in disrespectful conduct toward his supervisor, failed to carry out his supervisor's instructions to complete certain paperwork and travel outside the United States as part of his job, and "failed to cooperate in a pre-action investigative discussion" with his second-level supervisor, Michael Johnson. *Id.* at 15–16. The AJ further found Mr. Abou-Hussein failed to establish the Navy retaliated against him for whistleblowing, noting "he failed to submit any evidence" to support such a claim. *Id.* at 17.

In addition, the AJ found the removal promoted the efficiency of the service and constituted a reasonable

penalty under the circumstances. Those circumstances included that Mr. Abou-Hussein: (1) "intentionally failed to perform duties of his position"; (2) "provided no excuse for his refusal to travel abroad"; and (3) had previously been reprimanded and suspended based on workplace behavior. *Id.* at 19. Mr. Abou-Hussein petitioned the MSPB for review of the AJ's Initial Decision, and a three-member panel of the MSPB affirmed, issuing a Final Order that declared the AJ's Initial Decision to be the MSPB's final decision. Mr. Abou-Hussein timely appeals. This court has jurisdiction over final decisions of the MSPB under 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

When reviewing final decisions of the MSPB, "th[is] court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions" that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). We review the MSPB's legal determinations de novo. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008).

II. The MSPB's Final Decision Affirming the Navy's Removal of Mr. Abou-Hussein Was Supported by Substantial Evidence

In the Initial Decision (which became the MSPB's final decision), the AJ considered the Navy's allegations of Mr. Abou-Hussein's misconduct and found they were supported by "preponderant evidence." Resp't's App. 14. The AJ addressed the evidence at length, finding Mr. Abou-Hussein "did not offer any evidence to refute the [Navy's] accounts of his behavior." *Id.* at 16. The AJ

discussed, among other things, declaration testimony of Mr. Abou-Hussein's supervisor Ray E. Gay and his second level supervisor Michael Johnson with respect to Mr. Abou-Hussein's uncooperative behavior, failure to follow instructions, and disrespectful conduct. The AJ also noted testimony of the Navy's deciding official, Commander Gary L. Morris, who described Mr. Abou-Hussein's record of previous similar offenses and lack of behavioral improvement following an earlier fourteen-day suspension.

On appeal to this court, Mr. Abou-Hussein does not challenge the sufficiency of the evidence supporting his removal, nor does he assert that removal was an unreasonable remedy that was disproportionate to his misconduct. *See, e.g.*, Pet'r's Br. 7 (stating "[t]he case is about whether the Navy's pre-removal retaliatory conduct is discoverable when a Federal employee [i.e., Mr. Abou-Hussein] is on a terrorist watch list despite the fact that . . . his security clearance" was not revoked), 16 (asserting "the AJ acted in retaliation" against Mr. Abou-Hussein (capitalization omitted)), 18 (arguing Mr. Abou-Hussein's "right to discovery" in light of his asserted status as a whistleblower (capitalization omitted)). Because Mr. Abou-Hussein does not challenge the sufficiency of the evidence, and in light of the testimony of Messrs. Gay, Johnson, and Morris, we conclude the AJ's decision to affirm the Navy's removal of Mr. Abou-Hussein was "supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, i.e., substantial evidence." *Gallagher v. Dep't of the Treasury*, 274 F.3d 1331, 1336 (Fed. Cir. 2001) (internal quotation marks and citation omitted). We further conclude the MSBP did not abuse its discretion in determining the Navy's action in removing Mr. Abou-Hussein was reasonable.

### III. Mr. Abou-Hussein's Assertions of Error

Mr. Abou-Hussein makes several assertions of error. First, he asserts he was improperly denied a hearing when, after he failed to appear for a hearing on December 2, 2013, the AJ rejected his request to reschedule and instead "decided [the appeal] based upon the documentary submissions of the parties." Resp't's App. 38. Mr. Abou-Hussein explains he "[notified] the AJ five (5) days before the scheduled hearing," which was to take place in Charleston, South Carolina, "that [a] snow blizzard and snow accumulation is preventing him from driving down the mountains" near Hendersonville, North Carolina, where he was "stranded." Pet'r's Br. 16; *see also id.* at 11–12; Reply Br. 3–4. He further notes that "when the snow partially melted and rural roads became passable, [he] chose to attempt to reach the much nearer Atlanta Regional Office to prove by his appearance that he is not foregoing his due process right to a hearing." *Id.* at 16.

A motion for postponement will be granted "only upon a showing of good cause." 5 C.F.R. § 1201.51 (2015). Here, after Mr. Abou-Hussein failed to appear, the AJ issued a show cause order. She considered his assertions with respect to the inclement weather but concluded he had "failed to establish good cause for his absence," Resp't's App. 13, because, "given his representation that on the day of the hearing, he appeared in Atlanta for the hearing, the weather obviously did not affect his ability to travel," *id.* at 38.[1] The AJ's denial of Mr. Abou-Hussein's request to reschedule therefore was not arbitrary, and

---

[1]    She further noted Mr. Abou-Hussein's motion to postpone was filed "on November 27, the eve of Thanksgiving," and that she "did not receive a copy of the motion" until she arrived "at the hearing site on the day of the hearing." *Id.* at 37.

affirmance of the AJ's decision by the MSPB panel did not constitute an abuse of discretion.

Mr. Abou-Hussein also asserts the AJ was biased and should have been disqualified because her "office was subject to an investigation by its own Inspector General" as a result of "[Mr.] Abou-Hussein's 2011 complaint." Pet'r's Br. 17; *see* Pet'r's App. 55 (letter from the MSPB Office of the General Counsel to Mr. Abou-Hussein, addressing his allegations that the MSPB engaged in "spoliation of evidence of Criminal Assault on [Mr. Abou-Hussein's] person" (internal quotation marks omitted)). As this court has explained,

> "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (alterations omitted) (emphasis removed) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The MSPB considered this standard and concluded Mr. Abou-Hussein had not made such a showing.

On appeal to this court, Mr. Abou-Hussein makes a similar argument, asserting deep-seated antagonism was created by "the earlier spoliated audio in the past [pre-hearing conference] controversy," in "which the same AJ dismissed [Mr.] Abou-Hussein's . . . appeal." Pet'r's Br. 9; *see also id.* at 17 (asserting "the [MSPB] missed its own binding regulations as they apply to the disqualification of an [AJ] whose office was subject to an investigation by its own Inspector General"). He explains that during that pre-hearing conference, which occurred in 2010 and which was related to a previous action that is not directly a part

of the present appeal, "the Navy attorney approving [certain allegedly] fraudulent subcontracts . . . made a death threat [against Mr. Abou-Hussein], and the Atlanta [MSPB] Judges erased six (6) minutes of audio recorded by their phone conferencing system." *Id.* at 14. In the present proceeding, the full panel of the MSPB considered Mr. Abou-Hussein's assertion of bias and concluded he "ha[d] not shown that the [AJ] committed an error or otherwise abused her discretion." Resp't's App. 7.

Although Mr. Abou-Hussein points to his role in bringing about the "MSPB [Inspector General's] investigation of the AJ Atlanta office," Pet'r's Br. 17, he does not identify any record evidence demonstrating the "'*opinions formed by the judge*,'" in this case by the AJ, "'display a deep-seated . . . antagonism.'" *Bieber*, 287 F.3d at 1362 (alteration omitted) (emphasis modified) (quoting *Liteky*, 510 U.S. at 555). Although he notes the AJ's dismissal of his previous appeal, a dismissal without more does not suggest antagonism.

Mr. Abou-Hussein further asserts "the [MSPB] ignored his motion" for recusal of the AJ, and that the "Initial Decision is premature until all outstanding motions are resolved." Pet'r's Br. 18. Given Mr. Abou-Hussein's acknowledgement that the "AJ[] deni[ed] . . . the motion," *id.*, we see no basis for his assertion that the motion had not been resolved at the time of the Initial Decision.

## CONCLUSION

We have considered Mr. Abou-Hussein's remaining arguments and find them unpersuasive. For these reasons, the decision of the Merit Systems Protection Board is

## **AFFIRMED**