NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN JOSEPH NAGLE,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2022-1306

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-20-0313-I-2.

---

Decided: July 7, 2022

---

JOHN JOSEPH NAGLE, South Boston, MA, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before REYNA, LINN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Petitioner John Joseph Nagle appeals the Merit Systems Protection Board's affirmance of the U.S. Postal Service's decision to remove Nagle from employment. For the following reasons, we affirm.

## BACKGROUND

Nagle worked for the United States Postal Service ("USPS") as a full-time regular mail handler and equipment operator. App'x 1–2.[1]  Around August 2018, the USPS instructed Nagle to complete recertification training with a Driver Safety Instructor ("DSI") from the American Postal Workers Union ("APWU"), which was required for operating a forklift. *See* App'x 4–5, 45–46. Nagle refused to complete the training, and on August 22, 2018, he filed a report with the Occupational Safety and Health Administration ("OSHA") alleging that the USPS had instructed him to complete training with an unqualified instructor, which constituted a hazardous condition. *Id.*

On August 23, 2018, the USPS revoked Nagle's equipment operating license, which prompted him to leave work in protest. S. App'x 111.[2]  On Friday, August 24, 2018, Nagle was absent from work without leave ("AWOL"). S. App'x 112. On Monday, August 27, 2018, Nagle did report to work. But because he refused to undergo the training required for his equipment operator position, the USPS reassigned Nagle to operate a high-speed mail sorter. *Id.* Nagle rejected the reassignment and thenceforth chose to be AWOL from work. *See* App'x 5.

---

[1]    The citation reference "App'x" herein refers to the appendix materials filed by Respondent, the USPS.

[2]    The citation reference "S. App'x" herein refers to the supplemental appendix materials that Nagle submitted with his Reply brief.

On November 8, 2018, the USPS issued Nagle a letter of warning, advising him that his absences without leave would lead to disciplinary action, which could include discharge. App'x 37–38. On February 1, 2019, the USPS issued Nagle a seven-day suspension due to his AWOL absences. App'x 39–40. On March 18, 2019, the USPS issued Nagle a fourteen-day suspension, again due to his refusal to report to work without leave. App'x 41–42. On May 23, 2019, the USPS issued Nagle another fourteen-day suspension for his continued AWOL status. App'x 43–44.

On October 23, 2019, the USPS sent Nagle a Pre-Disciplinary Interview ("PDI") letter addressing his refusal to report to work. *See* App'x 29. In the letter, the USPS ordered Nagle to (1) report for work on his next scheduled workday or provide documentation to support his absence; and (2) attend a telephonic pre-disciplinary interview on October 29, 2019. *See* App'x 3, 29. The letter warned that failure to comply with its instructions could lead to discipline "up to and including discharge from the Postal Service." *See* App'x 3–4, 29.

On January 13, 2020, the USPS issued Nagle a Notice of Proposed Removal ("NOPR") based on the following three charges of misconduct: (1) failure to comply with leave procedure; (2) failure to follow instructions—namely, the two instructions set forth in the PDI letter; and (3) 75 instances of AWOL spanning from September 3, 2019, to December 20, 2019. App'x 28–29.

On February 12, 2020, Nagle met with the deciding official to orally respond to the NOPR, and he maintained that his actions were fully justified because he had been subjected to an unsafe work condition by being ordered to report for training. App'x 45. Nagle further contended that his absence should be medically excused due to high blood pressure. App'x 46. And he argued that the NOPR and the USPS's revocation of his equipment operator

license were both retaliations against him for (1) his filing of an OSHA complaint for unsafe work conditions, and (2) the fact that he had assisted another mail handler on August 28, 2019, with a complaint before the National Labor Relations Board ("NLRB"). App'x 46.

On June 1, 2020, the USPS issued a letter of decision upholding the NOPR charges against Nagle and sustaining his removal from employment. App'x 45. The USPS determined that Nagle's claim of an unsafe workplace was unfounded, that his claim of high blood pressure was untimely raised and unsupported, and that Nagle's beliefs about whether the USPS had retaliated against him did not entitle him to be AWOL or disregard the PDI letter. App'x 45–46.

On June 4, 2020, Nagle filed an appeal with the Merit Systems Protection Board ("Board"). During proceedings before the Board, Nagle repeatedly failed to comply with discovery requirements and deadlines, despite the Administrative Judge ("AJ") hearing multiple motions to compel and suspending proceedings multiple times for Nagle's benefit. App'x 57–84. On June 11, 2021, the AJ granted a pending request by the USPS for sanctions against Nagle for failing to file a prehearing submission, failing to disclose any witnesses he intended to call, and failing to respond to the USPS's discovery requests in violation of an order compelling responses. App'x 93. Specifically, the AJ refused to further suspend proceedings and barred Nagle from producing additional documents or witnesses not yet disclosed. App'x 93–94.

On June 28, 2021, the AJ held a hearing on the merits regarding charges 1 and 3 of the NOPR.[3] App'x 1. Nagle did not dispute that he committed the alleged conduct.

---

[3] The USPS withdrew charge 2 of the NOPR (failure to follow instructions), so that became moot. App'x 95.

App'x 5–6.  Instead, he argued that the USPS committed harmful procedural errors when it (1) assigned DSI from the APWU to conduct his training; (2) reassigned him to a mail sorting machine when he refused to complete training; and (3) failed to provide him with a pre-disciplinary interview before proposing his removal.  App'x 6–7.  He also argued that he was entitled to whistleblower protection because the USPS had retaliated against him for protected disclosures.  App'x 8.

On September 27, 2021, the AJ issued an initial decision affirming the USPS's decision to remove Nagle. App'x 1.  The AJ rejected Nagle's contentions of harmful procedural error because (1) the USPS presented evidence that it was obligated by the terms of an arbitration award to hire APWU DSIs to conduct recertification training; (2) the USPS had the right to instruct Nagle to work on a mail sorting machine after he refused to undergo his forklift recertification training; and (3) the USPS did provide Nagle the opportunity for a PDI.  App'x 7–8.  The AJ also rejected Nagle's whistleblower contentions because (1) Nagle failed to show that any officials were aware of his protected activity; and (2) the agency sufficiently showed that it would have removed him regardless of the protected disclosures, due to his 75-day AWOL period.  App'x 8–10.

Nagle appeals the AJ's decision.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

The scope of our review of Board decisions is limited by statute, and we must affirm unless we find the Board's decision to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011).  We review the Board's legal determinations de novo.  *Welshans v. U.S. Postal Serv.*,

550 F.3d 1100, 1102 (Fed. Cir. 2008).  The petitioner bears the burden of establishing that the board committed reversible error.  *Link v. Dep't of Treasury*, 51 F.3d 1577, 1581 (Fed. Cir. 1995).

## DISCUSSION

Nagle raises several arguments on appeal.  We address each argument in turn, below.

Nagle's overall and primary contention on appeal is that the AJ erred in determining that he was not entitled to corrective action as a protected whistleblower.  We discern no error in the AJ's application of the whistleblower laws in this case.  Instead, substantial evidence supports the AJ's finding that agency officials had no knowledge of Nagle's protected disclosures.  *See* App'x 9; *see also, e.g.*, S. App'x 111–13, 114–16 (declaration testimony by Nagle's supervisor).  And substantial evidence supports the AJ's finding that the USPS would have removed Nagle regardless of his protected disclosures, due to his 75-day AWOL period.  *See* App'x 9–10 ("He literally walked off the job and has not returned.").  Nagle offers no contrary evidence that warrants disturbing the AJ's decision.

Nagle additionally argues that the AJ erred by imposing discovery sanctions on him without further warning.  He contends that the AJ should have instead suspended the case for another 30 days and issued a warning to Nagle that he would be sanctioned if he did not comply with discovery orders.  Pet.'s Br. 3.  The record belies Nagle's argument.  The AJ suspended proceedings multiple times on Nagle's behalf and repeatedly ordered him to comply with discovery orders.  Thus, we do not agree that the AJ

committed any abuse of discretion by imposing discovery sanctions.[4]

Nagle also argues that the AJ failed to appreciate that the USPS withdrew charge 2 of the NOPR. Pet.'s Br. 3–4. However, the AJ's decision makes clear that charges 1 and 3 independently supported the USPS's decision to remove Nagle. Nagle fails to explain how or why the AJ's mention of charge 2, even if superfluous, resulted in any harmful error.

Lastly, Nagle contends that he was deprived of due process, i.e., notice and an opportunity to respond, with respect to the NOPR. Pet.'s Br. 9–10. Again, the record belies Nagle's position. Nagle received several notices of potential disciplinary action, including multiple suspensions and a PDI letter setting a date and time for a pre-disciplinary interview. App'x 28–33, 37–44.

## CONCLUSION

We hold that Nagle fails to show that the AJ's decision was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. We have considered the remainder of the arguments raised on appeal and find them unpersuasive. The AJ's decision is affirmed.

## **AFFIRMED**

### COSTS

No costs.

---

[4] "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378–79 (Fed. Cir. 1988) (citations omitted). "This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." *Id.* (citation omitted).