# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JEFFERY TRAVIS CREDLE,
          Appellant,

          v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DC-3443-19-0256-I-1

DATE: May 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffery Travis Credle, Waldorf, Maryland, pro se.

Candace D. Embry, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) for failure to state a claim upon which relief can be granted. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency's Employee and Labor Relations Manual (ELM) does not provide a basis for relief, we AFFIRM the initial decision.

On review, the appellant, a retired U.S. Postal Service employee, renews his arguments that he is entitled to an extra 66 days of paid military leave pursuant to *O'Farrell v. Department of Defense*, 882 F.3d 1080 (Fed. Cir. 2018). Initial Appeal File (IAF), Tab 1 at 1, 5; Petition for Review File, Tab 1 at 2. As set forth in the initial decision, the appellant cannot obtain relief under 5 U.S.C. § 6323, the statute addressed in *O'Farrell*, because U.S. Postal Service employees are excluded from the application of 5 U.S.C. § 6323. IAF, Tab 10 at 3; *see Welshans v. U.S. Postal Service*, 550 F.3d 1100, 1102-03 (Fed. Cir. 2008) (providing that U.S. Postal Service employees are excluded from the application of 5 U.S.C. § 6323).

The appellant also argued that the agency's ELM § 517.431 provides for the leave to which he claims he is entitled, but the administrative judge did not address whether the appellant could obtain relief under the ELM. IAF, Tab 9 at 2. Although 5 U.S.C. § 6323 does not apply to employees of the U.S. Postal Service, the agency's employees are entitled to military leave under the ELM. *Welshans*, 550 F.3d at 1103. In examining a claim for relief under USERRA, the Board will enforce employee rights derived from agency rules, regulations,

procedures, and collective bargaining agreements. *Miller v. U.S. Postal Service*, 105 M.S.P.R. 89, ¶ 11 (2007). The ELM is widely available to the public, thus we take administrative notice of the ELM provisions provided by the agency in the record below.[2] IAF, Tab 6 at 17-21; *see Azdell v. Office of Personnel Management*, 88 M.S.P.R. 319, 323 (2001) (providing that the Board may take administrative notice of public documents).

We have considered the appellant's argument that ELM § 517.431 entitles him to 22 additional days of military leave per fiscal year, but find that he has failed to state a claim upon which relief can be granted in this respect. To obtain relief under USERRA, the appellant must show that, as a result of the agency's improper administration of military leave, he was forced to use annual leave or leave without pay in order to fulfill his military duty. *Miller*, 105 M.S.P.R. 89, ¶ 12. Under ELM § 517.431, an employee who is a member of the National Guard is only granted additional paid military leave "if they are ordered by appropriate authority to provide *military aid to enforce the law* of their contracted state or their chartered jurisdiction" as set forth in section 517.431a1 and will not be granted leave "when military orders do not specify one or more of the duties and statutory requirements referenced in 517.431a1[.]" The appellant's orders calling him to active military duty during the relevant time period only specify that the appellant is ordered to full-time National Guard duty for "Operational Support" and do not specify any of the duties set forth in ELM § 517.431a1.[3]

---

[2] Although the agency provided a copy of the ELM in effect as of September 2018, several previous versions of the ELM were in effect during the time period in which the appellant alleges that he is entitled to additional military leave. IAF, Tab 6 at 17-21; United States Postal Service, *Employee and Labor Relations Manual ELM Archives*, https://about.usps.com/manuals/elm/elmarch.htm (last visited May 31, 2024). However, our review of previous versions of the ELM reflect that the agency has not made substantive changes to ELM § 517.431 during the relevant time period.

[3] ELM § 517.431a1 provides, in relevant part:

> Military aid to enforce the law means engagement in the suppression of riots, violent assembly, widespread looting, and civil disorder where the guardsman is ordered to perform state military duty under a state law that

IAF, Tab 5 at 10-15. Even if we accept the appellant's allegations as true, he can prove no set of facts in support of his claim that would entitle him to relief under the ELM. *See Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011) (providing that dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law). Accordingly, we affirm the dismissal of the appeal for failure to state a claim upon which relief can be granted.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

specifically confers law enforcement powers on the guardsman or under the authority of an executive order of the governor (or the highest authority of the jurisdiction) pursuant to state law that specifically confers on the governor the authority to confer law enforcement powers on activated guardsmen.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.