NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3287

HARRY M. SCHMITT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE NAVY,

Intervenor.

_____

DECIDED: December 6, 2006

_____

Before MAYER, RADER, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) dismissed Harry M. Schmitt's Individual Right of Action (IRA) appeal because he did not allege that his protected disclosure was a contributing factor in any adverse agency action. Schmitt v. Dep't of Navy, No. AT-1221-05-0958-W-1 (MSPB Dec. 30, 2005). Finding no reversible error, this court affirms.

I

On December 12, 2003, Mr. Schmitt resigned from his position as a GS-12 Electronics Engineer at the Naval Ordinance Test Unit (NOTU). His resignation was part of a settlement agreement for Equal Employment Opportunity (EEO) complaints filed in February and July 2002. By the express language of the settlement agreement, Mr. Schmitt released the Navy "from any and all liability from all claims alleged in, arising out of, or related to the above captioned case(s) [the EEO complaints] and all matters of dissatisfaction regarding his employment with the agency, through the date of this agreement." Further, Mr. Schmitt agreed that all "claims/complaints at any stage of processing are hereby withdrawn and complainant's right to file complaints for any matter through the date of the agreement is waived."

Despite having waived all claims through December 12, 2003, Mr. Schmitt complained to the Office of Special Counsel (OSC). On September 12, 2005, the OSC sent Mr. Schmitt a letter reminding him of the terms of the settlement. This letter further noted that the new complaint did not assert any <u>new</u> issue within the Board's jurisdiction. Absent a new issue, the OSC did not plan further action on the complaint. Before closing the file, however, OSC provided Mr. Schmitt sixteen days to supplement the record.

Instead of supplementing the record to the OSC, on September 15, 2005, Mr. Schmitt filed an Individual Right of Action (IRA) under the Whistleblower Protection Act (WPA) alleging the Navy had taken an undetermined personnel action against him in reprisal for whistleblowing activities. Mr. Schmitt attached the OSC's September 12, 2005 letter to his IRA. On November 23, 2005, the Board issued an Order warning Mr.

Schmitt that the OSC had not yet terminated its investigation and that Mr. Schmitt had not identified a personnel action allegedly taken against him by the Navy. The Order further required Mr. Schmitt to submit within seven days evidence that he had exhausted his remedies before the OSC and had made a nonfrivolous allegation of whistleblowing activity.

Mr. Schmitt did not respond to the November 23, 2005 Order on time. On December 12, 2005, December 20, 2005, and December 22, 2005, Mr. Schmitt submitted documents related to his earlier EEO complaints. On December 30, 2005, the Board dismissed Mr. Schmitt's appeal for lack of jurisdiction.

II

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999); Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Mr. Schmitt has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2006); Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993).

The Board may grant a petition for review based on new and material evidence that, despite due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d)(1). However, the Board only has jurisdiction over an IRA appeal if the appellant has exhausted all administrative remedies before the OSC and made "non-frivolous allegations" that: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the Agency's decision to take or fail to take a personnel action as

defined by 5 U.S.C. § 2302(a).  <u>Yunus v. Dep't of Veterans Affairs</u>, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Under the WPA, protected disclosures include "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences **(i)** a violation of any law, rule, or regulation, or **(ii)** gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety."  5 U.S.C. § 2302(b)(8).

Mr. Schmitt did not timely respond to the Board's November 23, 2005 Order. Further, even had Mr. Schmitt's submissions been timely, the Board found Mr. Schmitt's submissions did not establish a nonfrivolous allegation of protected disclosures that were a contributing factor in an agency action against him.  Indeed, because Mr. Schmitt's submissions relate entirely to his earlier EEO complaints, their use has been waived.

Lastly, in his appeal to this court, Mr. Schmitt for the first time asserts sexual harassment and hostile workplace allegations.  As these issues were never considered by the Board, they are not properly before this court.

For the foregoing reasons, this court affirms the decision of the Board to dismiss Mr. Schmitt's appeal for lack of jurisdiction.