NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3346

HARRY M. SCHMITT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Harry M. Schmitt, of Sarasota, Florida, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Joyce G. Friedman, Acting Associate General Counsel for Litigation.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3346

HARRY M. SCHMITT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT1221080467-W-1.

_____

DECIDED: March 9, 2009
_____

Before GAJARSA, DYK, and MOORE, Circuit Judges.

PER CURIAM.

This is a second appeal by Harry M. Schmitt from actions occurring from 1999 to 2003. See Schmitt v. Merit Sys. Prot. Bd., No. 06-3287, 2006 WL 3513776 (Fed. Cir. Dec. 6, 2006). He now appeals from a final decision of the Merit Systems Protection Board ("the Board"), dismissing his Individual Right of Action appeal for lack of jurisdiction. Because the Board correctly determined that it lacked jurisdiction, we affirm.

BACKGROUND

Mr. Schmitt was employed by the Naval Ordinance Test Unit ("NOTU") as an Electronics Engineer from 1999 to 2003. In 2002, he filed two Equal Employment Opportunity ("EEO") complaints against the NOTU, alleging sexual harassment and retaliatory action by the NOTU after he reported his supervisor's allegedly pornographic email messages.

In a settlement agreement executed on December 12, 2003, Mr. Schmitt agreed to withdraw the two EEO complaints and to release the NOTU from liability for "all claims alleged in, arising out of, or related to the two EEO complaints, through the date of the settlement agreement." Mr. Schmitt further released the NOTU from liability for "all dissatisfactions arising from his employment with the agency, through the date of [the] agreement." Finally, Mr. Schmitt agreed to resign from his position, effective on the date the agreement was executed.

Mr. Schmitt submitted a complaint to the Office of Special Counsel ("the OSC") in 2007, claiming reprisal for whistleblowing. He asserted that after reporting his supervisor's pornographic email messages on "August 16, 2006," retaliatory action was taken against him on "June 25, 2001." After the OSC notified Mr. Schmitt that it could not pursue his complaint because it lacked jurisdiction, Mr. Schmitt appealed to the Board. In an initial decision, the Administrative Judge ("the AJ") found that it would have been impossible for the disclosure to be a contributing factor to any retaliatory action Mr. Schmitt alleges occurred on June 25, 2001, because the disclosure occurred five years after the alleged retaliation. The AJ further noted that Mr. Schmitt had already waived his rights to pursue any employment matters against the Navy under the

settlement agreement. Thus, the AJ dismissed the appeal for lack of jurisdiction. Schmitt v. Dep't of Navy, No. AT-1221-08-0467-W-1, at 3 (MSPB July 3, 2008).

Mr. Schmitt appealed the AJ's decision to the Board, asserting that the AJ relied on incorrect dates of whistleblowing disclosure and retaliatory action. Mr. Schmitt contended that the date he actually disclosed the email messages was January 22, 2001, and the date of the action was December 12, 2003. On September 23, 2008, the Board issued a final order denying the petition for review, making the AJ's decision final. Schmitt v. Dep't of Navy, No. AT-1221-08-0467-W-1, at 2 (MSPB September 23, 2008).

Mr. Schmitt prematurely appealed to this court following the AJ's initial decision. After the Board denied Mr. Schmitt's petition for review, the AJ's decision became final and Mr. Schmitt's prematurely filed appeal ripened. See SafeTCare Mfg., Inc. v. Tele-Made, Inc., 497 F.3d 1262, 1267 (Fed. Cir. 2007) (holding that a premature notice of appeal from a tribunal decision ripens when that tribunal's decision becomes final). We have jurisdiction over Mr. Schmitt's appeal pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). We are bound by the Board's factual findings on which a jurisdictional determination is based "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). The Board has jurisdiction over an appeal when an individual has exhausted his remedies before the OSC. Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). When the complainant alleges retaliation after whistleblowing, the Board has

jurisdiction only if the complainant sets forth a non-frivolous allegation that he engaged in a whistleblowing disclosure, and the whistleblowing disclosure was "a contributing factor in an agency's decision to take or fail to take a covered personnel action." Id. The appellant has the burden to establish the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2008).

We agree that the Board lacks jurisdiction to adjudicate the appeal for two reasons. First, Mr. Schmitt's settlement agreement waived any action he had against the Navy arising from reporting his supervisor's emails. This court previously determined that the terms of this exact settlement agreement waived any claims against the Navy for actions that occurred during Mr. Schmitt's employment. Schmitt v. Merit Sys. Prot. Bd., No. 06-3287, 2006 WL 3513776, at *1 (Fed. Cir. Dec. 6, 2006). Thus, Mr. Schmitt is now precluded from attempting to bring any claims for actions that occurred during his employment. Banner v. United States, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (holding that a party is precluded from revisiting "issues that have already been litigated by the same parties"); Foster v. Hallco Mfg. Co., 947 F.2d 469, 476 ("[R]es judicata precludes the relitigation of a claim, or cause of action, or any possible defense to the cause of action which is ended by a judgment of the court.").

Second, Mr. Schmitt failed to provide evidence to the Board that the settlement agreement was involuntary. The Board lacks jurisdiction over an appeal when an employee "believes that an agency's adverse action is improper and voluntarily settles that grievance." Mays v. U.S. Postal Serv., 995 F.2d 1056, 1058 (Fed. Cir. 1993).

In the settlement agreement, Mr. Schmitt released the NOTU from liability for "all matters of dissatisfaction regarding his employment with the agency, through the

date of this agreement." Mr. Schmitt contends that the Deputy Defense Secretary "threw out" the "coerced EEOC settlement agreement." However, Mr. Schmitt provided no evidence to the Board that the agreement was thrown out, or that it was coerced. Further, Mr. Schmitt presented no evidence to the Board that the Navy acted improperly in executing the agreement, or gave Mr. Schmitt no other realistic alternative but to sign the agreement. Accordingly, we agree with the Board's decision that it lacks jurisdiction to consider this appeal because the alleged retaliatory action by the Navy has been settled by the agreement, and Mr. Schmitt has failed to show that the settlement agreement was involuntary.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.