NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5030

HARRY MICHAEL SCHMITT,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

Harry Michael Schmitt, of Sarasota, Florida, pro se.

L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Robert H. Hodges, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5030

HARRY MICHAEL SCHMITT,

Plaintiff-Appellant,

v.

UNITED STATES

Defendant-Appellee,

Appeal from the United States Court of Federal Claims in Case No. 08-CV-917, Senior Judge Robert H. Hodges, Jr.

_____

DECIDED: April 7, 2010

_____

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

This is Harry M. Schmitt's fourth appeal to this court, from three different tribunals, from the dismissal of his claims against the Navy for alleged retaliatory actions during his employment with the Naval Ordinance Test Unit ("NOTU"). Mr. Schmitt appeals this time from a dismissal by the United States Court of Federal Claims for lack of jurisdiction. We affirm.

BACKGROUND

Schmitt worked as an electronics engineer at NOTU from 1999 to 2003. In 2002, Schmitt filed two Equal Employment Opportunity ("EEO") complaints against NOTU in which he alleged, inter alia, retaliatory action for reporting his supervisor's pornographic

e-mail messages. In a settlement agreement executed December 12, 2003, Schmitt agreed to resign his position and to release the Navy "from any and all liability from all claims alleged in, arising out of, or related to the above captioned case(s) [the EEO complaints]" and all matters of dissatisfaction regarding his employment with the agency, through the date of the agreement. Further, Schmitt agreed that all "claims/complaints at any stage of processing are hereby withdrawn and complainant's right to file complaints for any matter through the date of the agreement is waived."

Despite the settlement agreement, in 2005 and again in 2007, Schmitt filed at the Office of Special Counsel an Individual Right of Action ("IRA") against the Navy under the Whistleblower Protection Act. In both complaints Schmitt alleged retaliatory action during his employment and specifically that NOTU had coerced an employee into providing false statements against him. Schmitt sought job restoration and compensatory damages. This court affirmed the Merit System Protection Board's ("the Board's") dismissal of Schmitt's first IRA complaint for lack of jurisdiction, finding that "because Mr. Schmitt's submissions relate entirely to his earlier EEO complaints, their use has been waived." Schmitt v. Merit Sys. Prot. Bd., No. 06-3287, 2006 WL 3513776, at *2 (Fed. Cir. Dec. 6, 2006) ("Schmitt I"). We also affirmed the Board's dismissal of Schmitt's second IRA complaint, holding that the Board lacked jurisdiction because the terms of the settlement agreement waived any claims Schmitt had against the Navy for actions that occurred during his employment, and he had failed to provide evidence that the settlement agreement was involuntary. Schmitt v. Merit Sys. Prot. Bd., No. 08-2246, 2009 WL 586435, at *2 (Fed. Cir. Mar. 9, 2009) ("Schmitt II").

2010-5030

In 2007, Schmitt also filed a complaint at the United States District Court for the Middle District of Florida. In that action, Schmitt alleged that NOTU retaliated against him by coercing NOTU's Ethics Officer, Ms. Ann B. Jones, into violating his privacy rights by providing false statements to a Navy investigator. On February 12, 2008, the district court dismissed the complaint for lack of jurisdiction. Schmitt v. Dept. of the Navy, No. 07-cv-1650, 2008 WL 410103 (M.D. Fla. Feb. 12, 2008). This court dismissed as untimely Schmitt's appeal on December 22, 2008.

On December 24, 2008, while Schmitt's appeal in Schmitt II was pending before this court, Schmitt filed a complaint in the Court of Federal Claims. In his complaint, Schmitt again alleged retaliatory action by NOTU and again sought job restoration, back pay, and other compensatory damages. The Court of Federal Claims dismissed the claim for lack of subject matter jurisdiction under 28 U.S.C. § 1500 and as barred by the doctrine of res judicata. Schmitt appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

This court reviews the Court of Federal Claim's dismissal of a claim for lack of jurisdiction de novo. Bank of Guam v. U.S., 578 F.3d 1318, 1325 (Fed. Cir. 2009).

Schmitt appears to argue that the court below applied the wrong law. Specifically he alleges that "[r]eprisal for whistleblowing, fraudulent and unfair labor practice laws should be applied to my case" based on the Navy's coercion of NOTU's Ethics Officer, Ms. Jones, into giving false sworn statements to government investigators. He also alleges a variety of factual and procedural mistakes by the Board and the trial court, all of which appear to be unrelated to the case at the Court of Federal Claims.

The government responds that 28 U.S.C. § 1500's restriction on duplicative suits against the United States precludes the Court of Federal Claims from exercising jurisdiction because Schmitt filed his complaint while Schmitt II was still pending in this court. The government also argues that this action is barred by res judicata because this court decided an identical claim brought by Schmitt against the Navy in Schmitt I and Schmitt II. Regardless, according to the government, the Court of Federal Claims does not have jurisdiction over personnel claims seeking monetary damages, including claims under the Whistleblower Protection Act, over which the Board has jurisdiction.

We agree that the Court of Federal Claims lacks jurisdiction to adjudicate Schmitt's claim for at least two reasons. First, under 28 U.S.C. § 1500, the Court of Federal Claims cannot exercise jurisdiction over "any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States or any person . . . acting or professing to act, directly or indirectly under the authority of the United States." Schmitt filed suit at the Court of Federal Claims on December 24, 2008, when his appeal in Schmitt II, a case involving the same operative facts and seeking the same relief, was pending in this court. As such, the Court of Federal Claims correctly held that it lacks jurisdiction. See Keene Corp. v. United States, 508 U.S. 200 (1993). Also, Schmitt advanced before the Court of Federal Claims the identical allegations that this court held were waived by his settlement agreement with the Navy in Schmitt II. Schmitt is thus barred from bringing any claim against the United States for actions that occurred during his employment with the Navy. See Foster v. Hallco Mfg. Co., 947 F.2d 469, 476 ("[R]es judicata precludes the relitigation of a claim,

or cause of action, or any possible defense to the cause of action which is ended by a judgment of the court.").  Accordingly, we <u>affirm</u>.

2010-5030