NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner*

**v.**

**ARMED FORCES RETIREMENT HOME,**
*Respondent*

---

2016-2265

---

Petition for review of the Merit Systems Protection Board in No. DE-4324-15-0275-I-1.

---

Decided: November 10, 2016

---

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

RUSSELL JAMES UPTON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before PROST, *Chief Judge,* CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Veteran John Paul Jones, III, filed an appeal with the Merit Systems Protection Board ("Board") alleging that Armed Forces Retirement Home violated the Uniformed Services Employment and Reemployment Rights Acts of 1994[1] when it did not select him for initial employment as a Health System Administrator. The Board denied Mr. Jones's request for relief.[2] Because the Board's decision to deny Mr. Jones's claim was supported by substantial evidence, we *affirm*.

BACKGROUND

Mr. Jones served in Vietnam from March 1968 to December 1969. In September 2014, the Armed Forces Retirement Home ("AFRH"), which provides veterans with residential care and retirement services, advertised for the position of a Health System Administrator ("HSA") with certain healthcare management and administrative responsibilities. Appx53; Appx43. The AFRH did so in two job announcements—one under merit promotion for status candidates and the other under delegated examination open to all U.S. citizens. Mr. Jones applied to both of the September job announcements. The AFRH did not interview any candidates because it determined that none of the applicants for the September job announcements had current long-term care experience. In December, the AFRH reposted the two job announcements with updated experience requirements. Like the September job announcements, one of the December job announcements

---

[1]    Pub. L. No. 103-353, 108 Stat. 3149 (codified as amended at 38 U.S.C. §§ 4301–4333 (2012)).

[2]    *Jones v. Armed Forces Retirement Home*, No. DE-4324-15-0275-I-1, 2016 WL 3254425, (M.S.P.B. June 9, 2016) (Appx42–67).

was for status candidates and the other was open to all U.S. citizens. Appx43–46.

Mr. Jones applied to both December job announcements. Regarding the delegated examining position, for which Mr. Jones was granted veterans' preference, the AFRH declined to make a selection. Regarding the status candidate position, for which veterans' preference did not apply, the AFRH found Mr. Jones unqualified because he failed to submit the required performance appraisal. Six other candidates were also disqualified for this reason.

The AFRH made a selection under the status candidate position, hiring Michael Bayles. Mr. Bayles was eligible for the status candidate position based on his veteran status, but he did not receive veterans' preference because it did not apply in selection. Appx47–48. Mr. Bayles was selected for the HSA position for several reasons. These included his thirty years of experience in health care, his accreditation, his experience in public health, infection control, and geriatric components. Mr. Bayles also had prior work with AFRH, high interview scores, ability to transition into the HSA role, and education credentials, which included a nursing degree and a master's degree in health care administration. Appx48–49.

Mr. Jones was not selected for a number of reasons. The AFRH made the selection under the status candidate posting, for which Mr. Jones was disqualified. Mr. Jones also had not worked in a health care setting for the past ten years, had not maintained formal continuing education, and held a bachelor's degree in physics, not a medical field. Although he had some nursing home experience, this was in the 1970s in Saudi Arabia and the applicable standards had changed significantly since then. Appx49–50.

Between posting the December job announcements and selecting Mr. Bayles, the AFRH became aware that

Mr. Jones had filed a complaint with the Department of Labor in which he alleged a violation of the Veterans Employment Opportunities Act of 1998 ("VEOA") relating to the HSA position. Appx48.

In March 2015, Mr. Jones filed USERRA discrimination and retaliation claims against the AFRH before the Board regarding his non-selection for the HSA position. Mr. Jones asserted that the AFRH improperly hired Mr. Bayles because, among other things, Mr. Bayles lacked the experience the AFRH was seeking when it reposted the HSA positions.

The Board denied Mr. Jones's claims. Regarding discrimination, it found that Mr. Jones did not prove that his military service was a substantial or motivating factor in his non-selection. The Board further found that even if Mr. Jones had satisfied that burden, the AFRH would have made the same non-selection for legitimate non-discriminatory reasons. Regarding retaliation, the Board found that Mr. Jones did not prove by preponderant evidence that the AFRH was aware of any prior USERRA litigation. The Board further held that even if the AFRH were aware of Mr. Jones's prior litigation under the VEOA, this did not constitute a motivating factor in Mr. Jones's non-selection.

DISCUSSION

Subject Matter Jurisdiction

We have jurisdiction over an appeal from a final decision of the MSPB pursuant to 28 U.S.C. § 1295(a)(9) (2012).

As a threshold matter, we note that the Government asserts that we "lack[] jurisdiction because, at the time Mr. Jones filed his appeal, the board's decision was not yet final." Resp't's Br. 14. The Government argues that "Mr. Jones must refile his appeal in order to properly

invoke this Court's review power." *Id.* at 15. We disagree.

In an analogous case, we held that we have jurisdiction where the petitioner filed his appeal after the Board issued its initial decision but before it became final. *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1361-63 (Fed. Cir. 2016); *see also Schmitt v. Merit Sys. Prot. Bd.*, 315 F. App'x 278, 280 (Fed. Cir. 2009) (unpublished) ("Mr. Schmitt prematurely appealed to this court following the AJ's initial decision. After the Board denied Mr. Schmitt's petition for review, the AJ's decision became final and Mr. Schmitt's prematurely filed appeal ripened."). We thus have jurisdiction over this appeal.

## Standard of Review

We may hold unlawful and set aside a Board decision if it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

In determining whether the Board's decision is supported by substantial evidence, the question "is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." *Crawford v. Dep't of the Army*, 718 F.3d 1361, 1365 (Fed. Cir. 2013) (quoting *Parker v. U.S. Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crawford*, 718 F.3d at 1365 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

We review the Board's legal determinations de novo. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008).

USERRA Discrimination Claims

The USERRA prohibits discrimination against persons because of their service in the uniformed services. 38 U.S.C. § 4301(a)(3). Here, Mr. Jones alleges that the AFRH violated USERRA by denying him initial employment due to his military service and that it retaliated against him for exercising his USERRA rights. *See* 38 U.S.C. § 4311(a)–(b).

To establish uniformed service discrimination, Mr. Jones was required to show that service discrimination was a substantial motivating factor in the decision not to hire him. Discriminatory motivation under the USERRA may be reasonably inferred from a variety of factors, including: (1) the proximity in time between the employee's military activity and the adverse employment action; (2) inconsistencies between the proffered reason and other actions of the employer; (3) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity; and (4) disparate treatment of certain employees compared to other employees with similar work records or offenses. *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).

The Board found that Mr. Jones did not carry his burden of showing that uniformed service discrimination was a substantial or motivating factor in his non-selection. Appx55–56. As to the first factor, the Board observed that forty-five years separated Mr. Jones's service and the AFRH's non-selection decisions. Appx53. Regarding the second factor, the Board noticed a "facial inconsistency" that the AFRH withdrew the initial September job announcements on the basis of seeking candidates with recent nursing home experience and then issued the December announcements and hired Mr. Bayles who appeared not to have that experience. *Id.* The Board, however, found that Mr. Bayles's many attributes and

qualifications outweighed his lack of nursing home experience. *Id.* Regarding the third factor, the Board found no credible evidence of uniformed service hostility because, among other things, the decision-making panel was composed of veterans. Appx54–55. Regarding the fourth factor, the Board found no credible evidence of disparate treatment because a veteran (Mr. Bayles) was ultimately selected for the position and Mr. Jones was disqualified for the status candidate position along with six other candidates for a reason unrelated to uniformed service. Appx55.

Mr. Jones argues that the AFRH's decision to close out the September job postings and then hire Mr. Bayles under the December job postings represents "unlawful misconduct." Pet'r's Br. at 4. The thrust of Mr. Jones's argument is that because the AFRH reposted the HSA position seeking certain experience, but hired Mr. Bayles who did not appear to have that experience, that shows the AFRH discriminated against Mr. Jones. Mr. Jones also argues that the Board "deliberately fudge[d] the issue of" Mr. Bayles's veteran status in discussing whether Mr. Bayles should have received veterans' preference in hiring decisions. Pet'r's Br. at 5–6.

The Board's decision, however, is supported by substantial evidence. The Board determined Mr. Bayles was qualified for the HSA position based on experience and education. The Board also found that Mr. Jones was not eligible for the status candidate position under which the AFRH made its selection because he failed to submit a performance appraisal. Finally, the Board noted that Mr. Bayles's credentials were superior to Mr. Jones's. Mr. Bayles's veteran status was considered by the Board in determining that Mr. Bayles was eligible for the status candidate position and that there appeared to be no disparate treatment of veterans in hiring decisions at the AFRH. We have considered Mr. Jones's remaining arguments (Pet'r's Br. at 7–9) and find them not persuasive.

As such, we conclude that the Board's order dismissing Mr. Jones's discrimination claims is supported by substantial evidence.

## USERRA Retaliation Claims

Regarding retaliation claims, the USERRA provides:

An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter or (4) has exercised a right provided for in this chapter.

38 U.S.C. § 4311(b).

Mr. Jones argues that "he was subjected to retaliation by the [AFRH] for peacefully seeking redress through the legal system for their violations of his VEOA rights." Pet'r's Br. at 1. The Board found that Mr. Jones's prior legal cases, including his litigation under the VEOA, did not constitute a motivating factor in his non-selection. Appx56–58. As discussed, the Board determined that the AFRH selected Mr. Bayles based on his experience and education, and did not select Mr. Jones because Mr. Bayles's credentials were superior. The Board relied on the evidence to determine that the AFRH did not retaliate against Mr. Jones. Because the Board's determination was supported substantial evidence, we affirm.

## CONCLUSION

We *affirm* the Board's final order.

## AFFIRMED

COSTS

No costs.