## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALI SEYED RAZI,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
AT-4324-21-0470-I-1

DATE: February 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Georgia A. Lawrence, Esquire, and Shaun Southworth, Esquire, Atlanta, Georgia, for the appellant.

Akeel Qureshi, Esquire, and Kim E. Dixon, Esquire, Fleet Post Office Europe, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

at 38 U.S.C. §§ 4301-4335) (USERRA) after the agency did not select him for promotion and denied his overseas tour extension (OTE) request following his receipt of military orders mobilizing him to active duty.  On petition for review, the appellant reargues the merits of his appeal and for the first time on review claims that one member of the independent selection panel involved in his nonselection was biased in favor of the agency.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address potential claims the appellant raised below and on review and to analyze the evidence for inferring discriminatory motive under the factors set forth in *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001), we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

We modify the initial decision to explicitly consider the *Sheehan* factors.

¶2       In a USERRA discrimination claim, an appellant "bears the initial burden" of proving that his "military service was a 'substantial or motivating factor'" in the agency's action.  *Sheehan*, 240 F.3d at 1013 (citation omitted).  To do so, he may rely on "direct or circumstantial evidence."  *Id.* at 1014 (citations omitted).

Circumstantial evidence is composed of "a variety of factors, including (1) proximity in time between the employee's military activity and the adverse employment action, (2) inconsistencies between the proffered reason and other actions of the employer, (3) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and (4) disparate treatment of certain employees compared to other employees with similar work records or offenses." *Id.* In determining whether the employee has proven that his protected status was part of the agency's motivation for its conduct, all record evidence may be considered, including the agency's explanation for the actions taken. *Id.*

¶3 The administrative judge found that the appellant failed to prove by preponderant evidence that his mobilization was a substantial or motivating factor in his nonselection and that the OTE recommendation was based on "legitimate business reasons" and not the appellant's military service. Initial Appeal File (IAF), Tab 28, Initial Decision (ID) at 9, 14. In reaching these conclusions, the administrative judge did not address the *Sheehan* factors. *See Sheehan*, 240 F.3d at 1014. However, any error was harmless. The administrative judge advised the parties of their respective burdens and the *Sheehan* factors prior to the hearing, and the record is fully developed. Further, even expressly considering these factors for the first time on review does not change the outcome. *See Becwar v. Department of Labor*, 115 M.S.P.R. 689, ¶¶ 3, 7 (2011) (stating that remand of a USERRA appeal was not necessary because the parties received notice of their burdens and the record was fully developed on the nonselection at issue), *aff'd per curiam*, 467 F. App'x 886 (Fed. Cir. 2012).

> *The administrative judge correctly concluded that the appellant failed to prove that his military service was a motivating or substantial factor in his nonselection.*

¶4 Although the administrative judge found that the appellant's third-level supervisor voiced a concern about selecting the appellant for the vacant position

of GS-9 Supervisory Firefighter before his mobilization, the administrative judge ultimately found that the mobilization was not a motivating or substantial factor in the nonselection. ID at 4-5; IAF, Tab 17 at 5. He reasoned that an independent selection panel did not recommend the appellant, and the selecting official, who was also the appellant's third-level supervisor, accepted the panel's recommendation. ID at 4-5, 9. On review, the appellant repeats his assertion that his third-level supervisor expressed the concern that selecting the appellant for the Supervisory Firefighter vacancy would "look stupid" in light of the appellant's impending absence due to his "upcoming mobilization." Petition for Review (PFR) File, Tab 1 at 6. We modify the initial decision to acknowledge that this statement reflects improper discriminatory motive.

¶5      Military service is a substantial or motivating factor in an employment decision "if the employer 'relied on, took into account, considered, or conditioned its decision' on the employee's military-related absence or obligation." *See Erickson v. U.S. Postal Service*, [571 F.3d 1364](#), 1368 (Fed. Cir. 2009) (citations omitted). An inevitable consequence of an employee fulfilling his military service obligations is his absence from civilian employment. *See id.* ("The most significant—and predictable—consequence of reserve service with respect to the employer is that the employee is absent to perform that service."). Therefore, an employer violates USERRA if his action is motivated by such an absence. *Id.* at 1366-69 (finding an agency violated USERRA when it removed an employee for excessive use of military leave). The administrative judge concluded that the appellant's third-level supervisor's statement was "ill-informed." ID at 4-5; IAF, Tab 15 at 16. We agree and go further to observe that the statement is evidence of discriminatory animus because it reflects an adverse consideration of the appellant's absence for military leave.

¶6      Nonetheless, we decline to disturb the administrative judge's determination that the appellant failed to prove that his third-level supervisor had an impact on his nonselection. The administrative judge implicitly credited the supervisor's

hearing testimony that, in making his selection, he accepted the recommendations of an independent three-person hiring panel, which did not refer the appellant for further consideration. ID at 5, 9. The Board must give "special deference" to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed." *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016). Here, the appellant has not provided sufficiently sound reason to overturn the administrative judge's finding. ID at 9; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board may overturn an administrative judge's demeanor-based credibility findings only when it has "sufficiently sound" reasons for doing so).

¶7      In making this determination, the administrative judge considered the appellant's claim that his third-level supervisor interfered with the panel by providing its members an altered version of the appellant's résumé. ID at 3-4. However, the administrative judge found that the supervisor credibly testified that he downloaded the applicants' résumés from USAjobs.gov and provided them, without review, to the panel members. ID at 8. The appellant re-raises his claim regarding his résumé on review. PFR File, Tab 1 at 7-8. We are not persuaded.

¶8      To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as the contradiction of the witness's version of events by other evidence or its consistency with other evidence; the inherent improbability of his version; and his demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). Here, the appellant argued that his third-level supervisor altered his résumé before it was reviewed by the selection panel. IAF, Tab 23, Hearing Recording (HR), Day 1, Track 4 (testimony of appellant). The administrative judge weighed the relevant *Hillen* factors and found this allegation "highly unlikely," speculative, and unsupported by the evidence and credited the supervisor's testimony that he downloaded the

applicants' résumés for the review panel as they appeared in USAjobs.gov. ID at 7-8. The administrative judge found it was inherently improbable that the supervisor altered the appellant's résumé because, according to the appellant, the version considered by the panel was an earlier version of his résumé. ID at 8.

¶9 In making his findings, the administrative judge reasoned that "[t]here was no evidence" that the appellant's third-level supervisor "had access to an earlier version of the appellant's resume." ID at 8. On review, the appellant does not dispute this lack of evidence. Although not entirely clear, he appears to argue, without providing details, that his third-level supervisor "was in possession of the [earlier version] of the resume." PFR File, Tab 1 at 7. In making this assertion, the appellant cites to the initial decision, which does not support his conclusion. PFR File, Tab 1 at 7 (citing ID at 9). Such unsupported and undeveloped arguments are insufficient to warrant review. *See Wickramasekera v. Veterans Administration*, 21 M.S.P.R. 707, 714 (1984) (declining to disturb a finding on the basis of an undeveloped and unsupported argument); *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility). Thus, we decline to disturb the administrative judge's determination that the appellant's third-level supervisor did not alter his résumé. ID at 7-8.

¶10 Looking at the *Sheehan* factors to analyze the remaining evidence in the record, we believe that the administrative judge properly concluded that the appellant failed to prove discriminatory motive in his nonselection. The first factor is "proximity in time between the employee's military activity and the adverse employment action." *Sheehan*, 240 F.3d at 1014. In April 2020, the appellant informed his third-level supervisor about his impending mobilization to active duty beginning July 2020, and ending April 2021. IAF, Tab 8 at 43-45, Tab 17 at 5, Tab 20 at 5. Later that month, the appellant was not selected for the Supervisory Firefighter position. IAF, Tab 8 at 28, Tab 20 at 5. The

administrative judge described these facts but did not make an explicit finding as to the first *Sheehan* factor. ID at 3. We therefore find that the timing of the nonselection favors the appellant's claim that there was discriminatory motivation in violation of USERRA. *See McMillan v. Department of Justice*, 812 F.3d 1364, 1373 (Fed. Cir. 2016) (finding 2 months between military leave and the denial of an overseas extension established the temporal proximity factor under the *Sheehan* framework).

¶11 The second factor looks at "inconsistencies between the proffered reason and other actions of the employer." *Sheehan*, 240 F.3d at 1014. The administrative judge correctly identified the recommendation of an independent selection panel as the reason for not selecting the appellant for the supervisory position. ID at 5-7. He found this rationale was consistent with the panel's actions and the record evidence. *Id.* The administrative judge found that the panel members rated each résumé based on a provided scoring matrix, the panel members ranked all applicants according to an aggregate score, none of the panel members ranked the appellant among the top four scoring candidates, and only the top four were interviewed for the position. *Id.*; IAF, Tab 8 at 21-24. The administrative judge thus essentially found that the second factor does not support the appellant's claims.

¶12 The third *Sheehan* factor is the "expressed hostility towards members protected by the statute together with knowledge of the employee's military activity." 240 F.3d at 1014. The administrative judge found that each panelist credibly denied factoring the appellant's mobilization into their ratings and two did not know about the mobilization at all. ID at 6-7. In fact, as the administrative judge acknowledged, one member testified that had he been aware of the mobilization, he would have been especially sensitive to it because he was a retired Army reserve officer. ID at 6; *see Jones v. Armed Forces Retirement Home*, 664 F. App'x 957, 961-62 (Fed. Cir. 2016) (affirming Board order finding that the appellant failed to establish hostility because, among other things, the

decision-making panel was composed of veterans).[2] The appellant has not argued on review that any members of the selection panel expressed hostility toward his military activity.

¶13    Instead, the appellant argues on review that other agency officials, who "had some bearing on him not being selected," were aware of his mobilization. PFR File, Tab 1 at 6. "[I]f a supervisor performs an act motivated by antimilitary animus that is *intended* . . . to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA" under what is commonly known as a "cat's paw" theory. *Staub v. Proctor Hospital*, 562 U.S. 411, 422 (2011). Such a situation can occur if a particular management official, acting because of an improper animus, influences an agency official who is unaware of the improper animus when implementing a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012). Emails in the record below support the appellant's claim that certain agency officials were aware of his mobilization. IAF, Tab 27 at 4-8. However, these individuals were not on the selection panel. *Compare* IAF, Tab 8 at 34 (listing the panel members), *with* Tab 27 at 4-8 (reflecting the recipients of emails regarding the appellant's anticipated mobilization). The appellant does not explain his claim that any of these officials, beyond the selecting official, influenced his nonselection, and thus has not proven his cat's paw claim as to these other officials. PFR File, Tab 1 at 6.

¶14    Further, the appellant's claim as to the selecting official also fails. As discussed above, the appellant has failed to demonstrate that the administrative judge erred in determining that the selecting official did not influence the independent selection panel. ID at 7-9. Therefore, the administrative judge effectively made a proper finding that the appellant failed to establish the third factor. *See Becker v. Department of Veterans Affairs*, 373 F. App'x 54, 58 (Fed.

---

[2] The Board can rely on unpublished Federal Circuit decisions it finds persuasive, as we do here. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

Cir. 2010) (finding no evidence that the appellant's military service was a motivating factor in the nonselection when, among other things, interview panel members declared without evidence to the contrary that it was not a factor).

¶15    The fourth factor indicating discriminatory motivation is the "disparate treatment" of similarly situated employees. *See Sheehan*, 240 F.3d at 1014. Here, the appellant acknowledges on review that the scores (or, as he terms it, "the errors") by the three panel members were "mainly consistent." PFR File, Tab 1 at 8. We agree. Each panel members rated the applicants' total scores as 6 at the lowest and between 35 and 37 at the highest. IAF, Tab 8 at 21-23. Each panel member rated the appellant between 19 and 21. *Id.* The panel members consistently rated the same individuals as the top four candidates, allotting those candidates between 24 and 37 total points each. *Id.* Thus, there is no evident disparate treatment in their scoring. The panel referred a top and an alternate candidate to the selecting official, and he selected the panel's top candidate. IAF, Tab 8 at 27, Tab 15 at 17.

¶16    On review, the appellant reasserts that his third-level supervisor altered the scores that the panel members assigned to the candidates. PFR File, Tab 1 at 7-8; HR, Day 1, Track 4 (testimony of the appellant). The administrative judge was not persuaded by this argument below, and neither are we. ID at 7-8.

¶17    The administrative judge implicitly credited the testimony of the appellant's third-level supervisor and the panel members that the panel scored the candidates and the third-level supervisor accepted their recommendation of the top two candidates without change. ID at 5, 9; IAF, Tab 15 at 17. Below and on review, the appellant argued that at least one of the panel members conceded the scoring did not comply with the scoring criteria. ID at 5-6; PFR File, Tab 1 at 8. The administrative judge found that although one panel member could not say for certain due to the passage of time whether the final scoring sheet was the one he submitted and another other panelist testified that he understood the scoring matrix to be flexible, all three consistently rated all applicants with little variation

between their scores, and none ranked the appellant among the top four applicants. ID at 5-7, 9; IAF, Tab 8 at 21-23. The appellant has not pointed to evidence that his third-level supervisor altered score sheets or explained why the administrative judge erred in crediting his supervisor's testimony that he accepted the recommendation of the panel unchanged. *See Haebe*, 288 F.3d at 1301. Therefore, we find that the administrative judge implicitly made a proper finding that the fourth factor does not favor finding discriminatory motive and the appellant failed to raise the inference that the nonselection was motivated by antimilitary animus.

> *The appellant failed to prove that his military service was a motivating or substantial factor in the OTE recommendation.*

¶18 The appellant argued below and on review that his military mobilization was a motivating or substantial factor in the decision not to extend his overseas tour because his first-level supervisor, who made the recommendation, acknowledged he had no role in the OTE decision, told the appellant that his performance had been better than another firefighter whose OTE was approved, and expressed to the appellant that the decision against an OTE for the appellant was "messed up." HR, Day 1, Track 4 (testimony of appellant); PFR File, Tab 1 at 8-9. The administrative judge found that the decision not to extend the appellant's OTE was made by agency staff at the regional level due to legitimate budgetary concerns. ID at 9-14. Although he did not expressly make a finding as to whether the appellant proved his supervisor expressed disagreement with this decision, the administrative judge essentially found this evidence was not relevant because the OTE decision was made at the regional level, a higher level of the organization. ID at 10-11, 14-15.

¶19 In the absence of direct evidence of antimilitary animus regarding the OTE decision, we again apply the *Sheehan* factors to determine whether such animus may be inferred. *Sheehan*, 240 F.3d at 1014. Save for the temporal proximity of 2 months between the end of the appellant's military service and the OTE

decision, the appellant fails to do so. IAF, Tab 8 at 18, 45; *see McMillan*, 812 F.3d at 1373.

¶20 We discern no basis to disturb the administrative judge's finding that, in essence, the second *Sheehan* factor does not support an inference of discrimination because the agency's stated reason—a policy prohibiting double stuffing positions due to a regional budget shortfall for labor funds in excess of $5 million—is a legitimate business reason for not extending the appellant's overseas tour. ID at 14-15; IAF, Tab 8 at 18. The appellant does not dispute that the administrative judge's determination that there was a budget shortfall and that such a shortfall would be a legitimate business reason. ID at 14-15.

¶21 Nor does the appellant allege that his first-level supervisor or the two agency officials who endorsed his supervisor's OTE recommendation expressed hostility for his military service, which might be evidence of antimilitary animus under the third *Sheehan* factor. PFR File, Tab 1 at 8-9; IAF, Tab 8 at 18. However, the appellant appears to make a cat's paw argument as to this factor. In particular, he cites to the administrative judge's finding that, in making his OTE recommendation, the appellant's first-level supervisor consulted with the appellant's third-level supervisor and another agency official who was aware of the appellant's mobilization. PFR File, Tab 1 at 8-9 (citing ID at 10-11). He also notes that his first-level supervisor routed the form denying his OTE through the appellant's third-level supervisor. *Id.* (citing ID at 11). Finally, he observes that a regional staff member, who testified regarding the budgetary concerns at issue and who the administrative judge observed edited the verbiage on the form denying the appellant's OTE to make it appear more professional and specific, was aware of his mobilization. *Id.* (citing IAF, Tab 27 at 4-5); IAF, Tab 15 at 12, Tab 16 at 6; ID at 11-12, 15 n.14.

¶22 However, the appellant does not assert or point to evidence of antimilitary animus by any of these officials except, as discussed above, his third-level supervisor. PFR File, Tab 1 at 8-9; *see Sheehan*, 240 F.3d at 1014 (reflecting that

the third *Sheehan* factor is both knowledge of military service and an expressed hostility toward military service). Further, he does not claim that his third-level supervisor's animus, as opposed to the policy against double stuffing billets, was the reason for the denial of his OTE. PFR File, Tab 1 at 8-9. That policy was the stated reason for the OTE denial, and none of the three individuals he identifies on review signed the form denying his OTE. IAF, Tab 8 at 18. Therefore, the appellant has not proved by preponderant evidence that these three individuals were the proximate cause of the OTE denial. *See Staub*, 562 U.S. at 422; *Sheehan*, 240 F.3d at 1013 (explaining that the appellant's initial burden of proof in a USERRA discrimination claim is preponderant evidence (citation omitted)).

¶23  The appellant argues that the agency extended the overseas tour of another firefighter who occupied his billet. PFR File, Tab 1 at 8-9. His argument implicates the second and fourth *Sheehan* factors as to whether the agency's proffered budgetary reason was inconsistent with its other actions and whether it engaged in disparate treatment of similarly situated employees. *Sheehan*, 240 F.3d at 1014. However, he does not dispute the administrative judge's finding that the other firefighter's OTE was processed first because he was officially assigned to the billet first. ID at 13-14 (citing IAF, Tab 8 at 18, Tab 15 at 65-66; HR, Day 2, Track 3 (testimony of an agency's Total Force Management Director)). The appellant's first-level supervisor also testified that several battalion chiefs, including him, occupied double-stuffed positions that would not be extended under the policy. HR, Day 2, Track 1 (testimony of the appellant's first-level supervisor).

¶24  Although the administrative judge did not explicitly categorize the above evidence into each *Sheehan* factor, he properly considered it. In sum, we find that the appellant has not provided a reason to disturb the administrative judge's finding that he failed to prove that his military service was a motivating factor in the OTE denial.

<u>We decline to consider the appellant's new argument raised on review.</u>

¶25    For the first time on review, the appellant argues that one of the selection panel members was biased in favor of the agency because his third-level supervisor nominated the member for an assignment in February 2020.  PFR File, Tab 1 at 8.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).  The appellant has not explained why he did not raise this issue below, particularly in light of the fact that he alleges the nomination took place more than a year before he filed the instant appeal.  PFR File, Tab 1 at 8; IAF, Tab 1.  Therefore, the appellant has not shown that the newly submitted argument was unavailable before the close of record despite his due diligence, and we decline to consider it on review.

¶26    Accordingly, we affirm the administrative judge's initial decision as modified above.

<h1 style="text-align:center">NOTICE OF APPEAL RIGHTS[3]</h1>

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

 If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

 If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

 **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.