NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTOR R. ZIEGLER, SR.,**
*Petitioner*

**v.**

**DEPARTMENT OF THE INTERIOR,**
*Respondent*

---

2022-1182

---

Petition for review of the Merit Systems Protection Board in Nos. DE-3443-06-0454-C-3, DE-4324-21-0328-I-1.

---

Decided:  May 6, 2022

---

VICTOR R. ZIEGLER, SR., Sioux Falls, SD, pro se.

MILES KARSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

PER CURIAM.

Victor Ziegler appeals from the decision of the Merit Systems Protection Board ("the Board") denying his petition for enforcement and dismissing his Uniformed Services Employment and Reemployment Rights Act ("USERRA") claims for lack of jurisdiction. We *affirm*.

## BACKGROUND

In 1998, Ziegler, an Air Force Veteran, was employed as the Chief of Police for the Bureau of Indian Affairs police department ("the Agency"), an agency within the Department of the Interior ("Interior"). That year, he was reassigned to a non-supervisory position because of reorganization. Ziegler then resigned from employment with the Agency, and, in the years that followed, filed cases in various fora challenging the lawfulness of the Agency's actions.

In 2006, Ziegler filed an appeal with the Board alleging that the Agency discriminated against him in violation of the USERRA for failing to select him for a supervisory police position in 1999. In 2008, the parties reached a settlement agreement ("Settlement Agreement") to resolve that appeal, along with other cases Ziegler then had pending relating to his former employment with the Agency. The terms of the Settlement Agreement provided, in relevant part, that:

> 3. When this Settlement Agreement is fully executed, it will constitute a withdrawal with prejudice and release by Appellant of any and all formal or informal complaints and appeals including, but not limited to, claims for emotional pain and suffering, any and all claims known or unknown, appeals, charges, or grievances against the Agency, its officials, employees, or agents, in their personal or professional capacity, having arisen on or prior to the date of this Settlement Agreement. Under

the terms hereof *Appellant waives, releases and forever discharges the Agency, its officials, representatives, current or former employees and agents from any and all appeals, complaints, claims, causes of action, or grievances, however designated, whether known or unknown, pending or not now pending, contingent or fixed, including, but not limited to those matters resolved specifically herein and identified in Appendix 1, up to and including the effective date of this Settlement Agreement.*

4. *Appellant agrees not to file any EEO complaints, MSPB appeals, grievances, or court actions, or initiate any other administrative or judicial proceedings concerning any of the matters raised in, or which might have been raised in, the instant claim as well as the matters identified in Appendix 1, or any other claim he has filed or could have filed against the Agency through the date of execution of this Settlement Agreement.*

5. Within 14 calendar days of the effective date of this Settlement Agreement, *the Agency shall reinstate Appellant to the position he occupied on March 31, 1999, and return him to the status quo, effective April 1, 1999 through March 31, 2000.* "Status quo" for purposes of this paragraph means that Appellant's positions, salary, benefit elections, withholdings will be the same as they existed on March 31, 1999. If Appellant desires to change any election, he must notify the undersigned Agency Counsel, in writing, within seven (7) days of signing this Settlement Agreement.

6. Under the Back Pay Act, 5 U.S.C. § 5596, and implementing regulations at 5 C.F.R. § 550.801-550.808, the *Agency agrees to pay Appellant for 80 hours of "regular pay" per pay period beginning effective April 1, 1999 to March 31, 2000 at the*

*approximate hourly rate of $21.49 as a GS-10/Step 7 . . . .*

* * *

7.   Appellant agrees to voluntarily retire effective March 31, 2000.

S.A. 44–48 (emphases added).[1]

On June 12, 2020, Ziegler filed an appeal with the Board alleging, among other things, that the Agency breached the Settlement Agreement with respect to paragraph 5 and violated the USERRA in 1998 and 1999 through actions purportedly outside the Settlement Agreement.   Ziegler alleged that the Agency breached paragraph 5 of the Settlement Agreement because it "never fully complied by giving [b]enefits of employment guaranteed within appellant's position job description."   S.A. 20.   Ziegler further alleged that the Agency "failed to include his AUO [overtime] and 2 hr. a day standby premium pay at 25% into computation of his high three years of highest salary used as a basis for federal Law Enforcement [] retirement."   *Id.*   Ziegler also alleged that the Agency failed to give him retirement credentials with photo identification.   Lastly, Ziegler alleged that the Agency violated the USERRA in 1998 and 1999 by denying him promotion.

On September 29, 2021, the Board denied Ziegler's petition for enforcement of the Settlement Agreement and dismissed Ziegler's USERRA claim for lack of jurisdiction.   The Board concluded that (1) Ziegler's claim for breach of the Settlement Agreement was untimely because he was aware, or should have been aware, of the bases for the alleged breach more than 10 years before

---

[1]   "S.A." refers to the Supplemental Appendix filed with Interior's brief.

bringing this claim; (2) even if Ziegler's breach-of-Settlement Agreement claim was timely, he failed to state a claim for breach because the Office of Personnel Management, not the Agency, was responsible for calculating his retirement pay, and the provision of retirement credentials was not a material term of the Settlement Agreement; and (3) the Board lacked jurisdiction over Ziegler's USERRA claims because those claims predated execution of the Settlement Agreement and were thus subsumed within the Settlement Agreement.

The Board's decision became final on November 3, 2021. Ziegler then appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's legal determinations *de novo* and its underlying findings of fact for substantial evidence. *See, e.g.*, *Welshans v. United States Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008). A court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and it is not contrary to law. *Consol. Edison Co. v. Nat'l Lab. Rel. Bd.*, 305 U.S. 197, 229 (1938). In reviewing findings of fact, "the standard is not what the court would decide in a *de novo* appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." *Parker v. United States Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir. 1987).

Ziegler argues that the Board legally erred in treating his claim as a contract claim rather than a stand-alone USERRA claim that would not be subject to a statute of limitations. Interior responds that the Board was correct on the facts and the law regarding Ziegler's claim for breach of the Settlement Agreement and that Ziegler has not persuasively argued that the Board erred.

We agree with Interior.  A petition for enforcement claiming that a party has breached a settlement agreement made before the Board must be filed "within a reasonable amount of time of the date the petitioning party becomes aware of a breach of the agreement." *Kasarsky v. Merit Sys. Protection Bd.*, 296 F.3d 1331, 1335 (Fed. Cir. 2002). "The reasonableness of the time period depends on the circumstances of each case." *Id.*  The Board reviewed Ziegler's petition, which expressly stated it was "for Breach of Settlement Agreement . . . and/or [] [e]nforcement of paragraph #5 . . . ."  S.A. 20.  Ziegler alleged that the Agency breached paragraph 5 of the Settlement Agreement because overtime and other premium pay was not used in the calculation of his retirement pay and because he was not provided with retirement credentials.  Ziegler, however, failed to provide specific dates regarding when he learned of the circumstances constituting the alleged breach, despite being ordered to do so.  Based on the information available, the Board concluded that Ziegler was aware as early as 2009—11 years before filing this action—of the overtime and premium pay issues because he raised those issues in a petition for enforcement he filed that year.  *See Ziegler v. Dep't of Interior*, No. DE-3443-06-0454-C-1, 2010 WL 10840132, at *1 (M.S.P.B. 2010).  Regarding the retirement credentials, the Board found that it would have been apparent to Ziegler that credentials had not been provided soon after his retirement—approximately 12 years before this claim of breach was filed with the Board.  Ziegler does not provide an explanation as to why this delay was justified or reasonable.  Thus, the Board's factual findings on timeliness are supported by substantial evidence.

Regarding the application of contract law, the Board properly held that a petition for enforcement alleging breach of a settlement agreement is a claim for breach of contract, not a USERRA complaint.  This determination was based on the plain language of the petition referring to his claim as for "breach" and Ziegler's acknowledgement

that contract law typically applies to these claims. *See* S.A. 20, 27 (citing *Greco v. Dep't of Army*, 852 F.2d 558, 560 (Fed. Cir. 1988) (applying contract law to interpret a settlement agreement)). The Board added that contract law and application of USERRA do not merge into one claim. S.A. 6 (citing *Kasarsky*, 296 F.3d at 1339). Accordingly, we affirm the Board's dismissal of Ziegler's appeal for untimeliness.

In light of our affirmance of the Board's dismissal on grounds of untimeliness, that portion of the Board's decision addressing dismissal based on failure to state a claim is moot. We thus do not address Ziegler's appeal from that portion of the Board's decision.

With respect to Ziegler's independent USERRA claims, Ziegler argues that the Board erred in finding that he waived his USERRA rights under the Settlement Agreement. Ziegler asserts that he could not waive rights to his USERRA claims because the rights he purportedly waived were greater than the consideration he received. Interior responds that Ziegler effectively waived his rights in paragraph 3 of the Settlement Agreement and that waiver divests the Board of jurisdiction over an appeal.

We agree with Interior. A clear waiver of appeal rights in a settlement agreement is enforceable against an appellant who later seeks to assert a USERRA claim stemming from events occurring prior to entry of the agreement. *See Landers v. Dep't of Air Force*, 117 M.S.P.R. 109, 114–16 (Nov. 30, 2011). In such cases, an appellant's USERRA claims must be dismissed even if there is evidence to show the appellant signed the settlement agreement in the belief that the consideration provided by the agreement was less beneficial than the preservation of his rights to bring additional claims against the agency. *Id.* at 115–16.

In *Landers*, which of course does not bind us, but has similar facts, the Board found that the appellant waived his right to request corrective action for any alleged

violation of the USERRA by the agency that occurred up to and including the date of a settlement agreement. *Id.* The Board also noted that the agreement involved valuable consideration, provided the appellant with 21 days to review and consider the agreement, and stated that both parties were provided with time to consult with counsel prior to signing. *Id.* As a result, the Board found that there was enough evidence to find that the appellant signed the settlement agreement in the belief that the consideration provided by the agreement was more beneficial than the preservation of his rights to bring additional claims against the agency. *Id.*

Similarly, the written record in this matter contains sufficient evidence to establish that Ziegler signed the Settlement Agreement in the belief that the consideration provided by the agreement was more beneficial than the preservation of his right to bring additional claims against the Agency. The Settlement Agreement states that "Appellant waives, releases and forever discharges the Agency . . . from any and all appeals, complaints, claims . . . up to and including the effective date of this Settlement Agreement." S.A. 44. The Settlement Agreement further states that "Appellant agrees not to file any . . . MSPB appeals, grievances, or court actions . . . concerning any of the matters raised in . . . the instant claim." *Id.* Moreover, this language is clear and unambiguous, despite what Ziegler may have believed concerning the respective values of the consideration provided and his USERRA rights.

In exchange for his waiver of rights, Ziegler received consideration in the form of (1) reinstatement to the position he occupied on March 31, 1999, and return to the status quo, effective April 1, 1999 through March 31, 2000; (2) pay for 80 hours regular pay per period beginning April 1, 1999 through March 31, 2000; and (3) preparation of a SF-50B Notification of Personnel Action for voluntary retirement for Ziegler, effective March 31, 2000. S.A. 44–

45.    Further, in the Settlement Agreement, Ziegler acknowledged that he was provided with 21 days to review and consider the agreement and was provided with time to consult with counsel prior to signing.  S.A. 47–48.

Accordingly, we affirm the Board's conclusion that Ziegler released his USERRA claims and the Board's subsequent dismissal of those claims for lack of jurisdiction. We also note that were we to consider the USERRA claims on their merits, there is an absence of argument here that any action taken against Ziegler was taken because of his status as a veteran.

Ziegler lastly appears to assert that he executed the Settlement Agreement under duress, was not permitted to participate in the drafting of the Settlement Agreement, and did not fully understand what he was signing.  Appellant's Br. at 25–26.   However, as previously discussed, Ziegler acknowledged that he was provided with time to review and consider the agreement and time to consult with counsel prior to signing.  Furthermore, Ziegler acknowledged that he voluntarily, and without coercion or duress, agreed to the terms.  S.A. 48.  Thus, we find the Settlement Agreement valid and enforceable.

## CONCLUSION

We have considered Ziegler's remaining arguments but find them unpersuasive.  For the foregoing reasons, the decision of the Board is *affirmed*.

## AFFIRMED